Lorenzo Ferrer, etc., Plaintiff and Appellant, Julio Rivera et al., Defendants and Appellees.

No. 8021. Argued April 4, 1940.—Decided April 18, 1940.

*J. C. Rivera* for appellant.   *E. Acosta Domenech* for appellees.

Mr. Justice De Jesús delivered the opinion of the court.

Lorenzo Ferrer, as father with *patria potestas* over his minor child Arturo Ferrer, brought this action in the Municipal Court of Caguas to recover damages for injuries received, as alleged by him, by the said minor who was bitten by a dog belonging to defendant Julio Rivera. After a trial *de novo* in the District Court of Humacao judgment was entered against the plaintiff and, in his opinion in support of the judgment, the judge of the lower court expressed himself as follows:

"It is the opinion of the court, from its observation of the dog, that the animal is not a vicious, fierce, or ill-tempered dog. It is true, as shown by the evidence of the plaintiff as well as by that of the defendants, that the child Arturo Ferrer received two wounds from the bite by the dog of Julio Rivera. In our judgment the only issue is whether or not there was negligence on the part of the defendants in connection with the measures that they should have taken to prevent the injuries inflicted by the dog on Arturo Ferrer. It is customary with our peasants to keep one of such animals for the protection and defense of their home and property. Usually such animals are gentle and inoffensive as long as nobody attempts to enter upon the land or into the home of their owner. As soon as this is done by somebody their wild instinct is aroused and at times leads them to give their life for that which instinctively they feel they must protect. From the knowledge of the court of their ways, customs and habits, the conclusion is reached that the theory of the defendants, that is, that Arturo Ferrer, in company with

another child, was running after a hen across a tobacco field, where-upon the animal bit him, attacking him from behind, and that there was neither fault nor negligence on defendants' part and that what happened was solely and exclusively due to the child entering upon another's land in a natural way but without legal authority, is correct. The child might have asked the owner of the estate to let him in pursuit of the hen which belonged to his father and the accident would not have taken place. It is the opinion of the court that the fact took place within the property of the defendants, that it was an unfortunate accident, but that they are not, in contemplation of the law, liable for any damages or injuries received by the minor Arturo Ferrer.''

The paragraphs transcribed from the opinion of the lower court clearly show that the judge failed to bear in mind the theory continuously upheld by this court or the express provision of section 1805 of our Civil Code (1930 ed.) similar to section 1905 of the Spanish Civil Code, which literally reads as follows:

''The possessor of an animal, or the one who uses the same, is liable for the damages it may cause, even when said animal should escape from him or stray away.

''*This liability shall cease only in case the damage should arise from force majeure or from the fault of the person who may have suffered it.*'' (Italics ours.)

According to the above provision it is unnecessary to show negligence on the part of the owner of the animal nor that the latter is a wild, fierce, or vicious animal. The liability of the defendant is predicated upon the single fact of owning the animal and the only defense thereto is that the damage was due to *vis major* or to the fault of the party who suffered it.

In construing section 1905 of the Spanish Civil Code, the Supreme Court of Spain, in its judgment of October 19, 1909, expressed itself as follows:

''Section 1905 is not suscepetible of any construction other than that which clearly and evidently appears from its literal language, it being sufficient, under the same, that injury be inflicted by an animal

for the owner's liability to arise, even where the latter is not charged with fault or negligence, the legislator, undoubtedly, having considered that the status of owner is sufficient to bear the consequence either favorable or adverse of this kind of property, save in the case of the exception therein contained, and this, either whether the injury is to things, or whether, in a more serious case, to persons. irrespective of the result of the criminal prosecution, as the liability in either case is different.''

In *Gigante* v. *Alvarez,* 48 P.R.R. 484, 493, a transcription is made with approval of the following paragraph of the learned commentator on the Spanish Civil Code, Martínez Ruiz, in which there is a clear statement of the grounds underlying the liability imposed by the law on the owner of the animal. It reads as follows:

''One who possesses or makes use of an animal for utility or recreation, is obliged to exercise over the same the vigilance and care necessary to avoid damages to a third person. But it is not on this ground that the Code rests for imposing on the possessor of the animal the obligation to compensate for any damage caused by it and to which section 1905 refers. From the mere fact of possession the law presumes the tacit consent of the posessor to answer for all of its consequences, since he must be aware of the relative inefficiency of the vigilance and care of irrational beings. And by virtue of this presumption he is made responsible for all damages caused by the animal *even if it should escape from him or stray away;* that is, 'even if he should find himself in a position which would prevent him from exercising the vigilance to which he is bound. The want of vigilance is not, therefore, the cause of the obligation which he assumes to repair the damage. As may be seen from a mere reading of this section, the code has disregarded the distinction, which the *Partidas* recognized between wild and tame animals, and therefore the provisions of this section are equally applicable to one or the other.'' Volume II, p. 149.

See the construction put by this court on section 1805 of the Civil Code in *Torres* v. *Dávila,* 47 P.R.R. 298; *Troche* v. *Matos,* 52 P.R.R. 271; *Osorio* v. *Taboada,* 52 P.R.R. 780; and the most recent case of *De Jesús* v. *Arzuaga,* 53 P.R.R. 497.

■ The evidence is conflicting as to the place where the child was bitten. According to the plaintiff, the injury was inflicted while the child was passing by a local road over which he had to go to reach his own home. It appears, moreover, from the uncontroverted evidence of the plaintiff that on previous occasion the dog had bitten two boys in the neighborhood of the family name of Muñoz, and defendant himself admitted in his testimony that Lorenzo Ferrer and other people had advised him to tie up the dog, but that he did not tie it up until after the bringing of the present action.

The evidence for the defendants, consisting of the testimony of their daughter-in-law María Rivera and their son Andrés Rivera, tends to show that the child was bitten near defendants' house, the former of the two witnesses testifying that she was not present at the moment of the biting and that when she arrived the dog had gone from the place, but that the child fell near the kitchen of the house of the defendants. Andrés Rivera, the other witness, was not present either just at the time the child was bitten. He testified that he had seen him in the company of another child running over a tobacco field and that on reaching the home of his father Julio Rivera he found the child bitten by the dog and was told by María Rivera that it had bitten him near by the house.

No matter how it was, whether the child was bitten on the local road or whether on the property of defendant Julio Rivera, the latter, in any event, is liable for the injury inflicted by his dog, for there is no evidence that the child was unlawfully on the property of Julio Rivera nor does it appear from the evidence that the injury was caused by *vis major* or due to the child's fault. This being so, the case is not included in the two only exceptions of section 1805 of the Civil Code.

The evidence for the plaintiff was not controverted as to the injuries reecived, but taking into account the kind of wounds inflicted and the fact that no disability resulted therefrom, we assessed said damages at $100.

From the foregoing, the judgment appealed from shall be reversed and in lieu thereof there shall be entered the judgment which should have been rendered by the lower court, adjudging the defendants to pay to the plaintiff, as father with *patria potestas* over his minor child Arturo Ferrer, the sum of $100, with costs but without attorney's fees.

Justice Hutchison concurs in the result.